

FILED
JUN 19 2006
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KAY F. ZUHR and<br>ROBERT J. ZUHR,<br><br>  Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>  Defendant. | CIV. 06-4106<br><br><br><br>COMPLAINT |

The Plaintiff, Kay F. Zuhr (Mrs. Zuhr) and Robert J. Zuhr (Mr. Zuhr), for their Complaint against the above-named Defendant, American Family Mutual Insurance Company (AmFam), states and alleges as follows:

### Parties, Jurisdiction and Venue

1. Mr. and Mrs. Zuhr are residents of Deadwood, South Dakota, and are South Dakota citizens.

2. While residing in Deadwood, South Dakota, Mr. and Mrs. Zuhr purchased an auto liability policy from AmFam which contained Uninsured Motorist Coverage in the single limit amount of $100,000.

3. AmFam is a licensed insurance company and at all times material conducted business in the State of South Dakota, while maintaining its citizenship in the State of Wisconsin.

4. Jurisdiction in this lawsuit in federal district court is proper pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue in the United States District Court for South Dakota, Southern Division is proper pursuant to 28 U.S.C. §1391(a), as jurisdiction is founded only on diversity jurisdiction, the parties do not all reside in the same state, and the Federal District of South Dakota is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

COMPLAINT
Zuhrs v. American Family Mutual Ins. Co.

## Statement of Facts

6. Mr. and Mrs. Zuhr reallege and incorporate by reference all preceding paragraphs.

7. AmFam provided auto liability insurance to Mr. and Mrs. Zuhr, Policy Number 0738-7380-11-76-FPPPA-SD, which was in effect on April 27, 2005.

8. The AmFam policy provided auto liability insurance to Mr. and Mrs. Zuhr which included up to $5,000 no-fault Medical Expense (Med) coverage and up to $100,000 of Uninsured Motorist (UM) coverage.

9. Mr. and Mrs. Zuhr have paid substantial premiums for the coverage provided by AmFam.

10. On April 27, 2005, Mrs. Zuhr was involved in an auto collision between a vehicle driven by her and a vehicle driven by William L. Sjomeling (Mr. Sjomeling).

11. Mrs. Zuhr was proceeding below the posted speed limit and within her lane of travel on Highway 385 near Deadwood, SD, when she was struck head-on by Mr. Sjomeling's vehicle, which was traveling in excess of the safe speed and which had entered the wrong lane of travel.

12. Mr. Sjomeling's negligent driving was the sole cause of the collision. Mr. Sjomeling's driving was negligent in the following respects among others:

    a. Failure to maintain his vehicle under proper control;
    b. Failure to maintain speed consistent with the conditions;
    c. Failure to keep the proper lookout;
    d. Reckless driving; and
    e. Careless driving.

13. Mr. Sjomeling had no auto insurance coverage at the time of such auto collision.

14. As a result of such collision, Mrs. Zuhr suffered or will suffer:

    a. A tibial plateau fracture requiring open reduction, plating and screws;
    b. Inability to sustain weight on her affected leg;
    c. Permanent disability and impairment;
    d. Substantial medical care needs and expenses in the future associated with her affected leg;
    e. Loss of earnings, earning potential, fringe benefits and insurability;
    f. Loss of enjoyment of life;
    g. Pain and inconvenience; and
    h. General weakening of her body.

COMPLAINT
Zuhrs v. American Family Mutual Ins. Co.

15. As a direct and proximate result of the negligent driving of Mr. Sjomeling, Mr. Zuhr sustained the loss of his spouse's services, companionship, consortium, support, comfort and society in an amount to be determined at trial.

16 As a direct and proximate result of the negligent driving of Mr. Sjomeling, Mrs. Zuhr has incurred past healthcare expenses in excess of Fourteen Thousand Dollars ($14,000) and will reasonably incur health care expenses in an amount yet to be determined.

17. Through their attorney by telephone conference on May 12, 2005 and by letter dated May 16, 2005, Mr. and Mrs. Zuhr reported the collision and the extent of Mrs. Zuhr's injuries and damages to AmFam Casualty Claim Examiner, Dennis Nolz.

18. Without hesitation or further inquiry, AmFam provided Med coverage benefits to Mrs. Zuhr beginning on May 19, 2005 and continued to provide such benefits until the $5,000 limits were exhausted only seven days later on May 26, 2005.

19. For the next six months, AmFam was repeatedly notified of the extent of Mrs. Zuhr's injuries and costs associated therewith.

20. AmFam has never denied the negligent driving of Mr. Sjomeling solely caused the collision and resulting injuries and damages to Mr. and Mrs. Zuhr, but merely requested the itemized medical bills with the codes associated with the care provided, which were promptly given.

21. Although Mr. and Mrs. Zuhr made a timely claim to AmFam of the extent of their injuries and damages and the fact that Mr. Sjomeling was uninsured, AmFam has only paid medical payments benefits when, in fact, the Zuhrs have always been and are currently entitled to UM benefits with limits of $100,000 as defined by the policy.

22. No payments have yet been made to Mr. and Mrs. Zuhr under the UM coverage under the policy.

### Count 1
### Breach of Contract

23. Mr. and Mrs. Zuhr reallege and incorporate by reference all preceding paragraphs.

24. Pursuant to the contract, Mr. and Mrs. Zuhr paid substantial and ongoing premiums to AmFam in exchange for the purported UM insurance coverage.

25. Under the terms of the UM insurance Contract, AmFam was to provide liability coverage for damages such as incurred in this instance by Mr. and Mrs. Zuhr.

3

COMPLAINT
Zuhrs v. American Family Mutual Ins. Co.

26. Mr. Sjomeling was an at-fault driver who actually, proximately and solely caused the collision, injuries and damages sustained by Mr. and Mrs. Zuhr.

27. Mr. and Mrs. Zuhr, through their attorney promptly put AmFam on notice of these circumstances giving rise to a valid claim under the policy.

28. AmFam has explicitly refused to pay the UM coverage limits of $100,000 to Mr. and Mrs. Zuhr in spite of their repeated requests.

29. AmFam breached its contract of insurance by refusing to properly administer this claim and provide insurance coverage for Mr. and Mrs. Zuhr's injuries and damages, coverage for which Mr. and Mrs. Zuhr paid substantial premiums.

## Count 2
## First-Party Bad Faith

30. Mr. and Mrs. Zuhr reallege and incorporate by reference all preceding paragraphs.

31. Because the insurance policy constituted a contract of insurance between the Zuhr's and AmFam, there existed an implied covenant of good faith and fair dealing between them.

32. Mr. and Mrs. Zuhr provided timely notice to AmFam of the collision, injuries, and other circumstances giving rise to coverage and demanded payment for the same.

33. In response, AmFam failed to evaluate and process UM benefits in good faith but instead put its interests ahead of its insured and after an extended delay offered $50,000 in exchange for a full release.

34. AmFam lacked a reasonable basis to refuse to provide the full $100,000 limits of UM coverage from the outset of the claim and has failed to pay any amount under the UM coverage even though it is undisputed some benefits are due.

35. AmFam knew that there was a lack of a reasonable basis for the refusal specified in Paragraph 34.

36. AmFam denied benefits, delayed action on Mr. and Mrs. Zuhr's claim for coverage in violation of the implied covenant of good faith and fair dealing, and thereby acted in or is acting in bad faith.

37. Prior to litigation, AmFam first claimed that itemized medical bills with codes were needed for analysis in an effort to further delay Mrs. Zuhr's claim even though it either had the bills with codes in its possession or did not need them to

COMPLAINT
Zuhrs v. American Family Mutual Ins. Co.

process the claim.

38. AmFam's refusal to fairly evaluate this claim, provide coverage, and honor the plain terms of the insurance contract was willful, vexatious, and without reasonable basis, resulting in substantial damages to Mr. and Mrs. Zuhr.

### Count 3
### Punitive Damages

39. Mr. and Mrs. Zuhr reallege and incorporate by reference all preceding paragraphs.

40. The conduct of AmFam has been and remains willful, unreasonable, or done in conscious or reckless disregard for the rights of Mr. and Mrs. Zuhr, vexatious, and without reasonable cause, for which punitive damages are recoverable under SDCL 21-3-2.

### Count 4
### Attorney's Fees

41. Mr. and Mrs. Zuhr reallege and incorporate by reference all preceding paragraphs.

42. AmFam has refused to fairly evaluate, process and pay Mr. and Mrs. Zuhr for its injuries and damages resulting from the negligent actions of an uninsured motorist as required by the contract of insurance between them, and such refusal is vexatious or without reasonable cause.

43. Pursuant to SDCL 58-12-3 and applicable federal statutes, if any, Mr. and Mrs. Zuhr are entitled to an award of reasonable attorney fees.

### Prayer for Relief

WHEREFORE, Mr. and Mrs. Zuhr respectfully pray for the following relief:

(1) For their compensatory, general, special, contractual, and consequential damages in an amount to be determined by the Court;
(2) For punitive damages in an amount to be determined by the Court;
(3) For attorney's fees pursuant to SDCL 58-12-3 and applicable federal statutes, if any;
(4) For prejudgment interest, post-verdict interest, and post-judgment interest; and
(5) For any other and further relief which the Court deems just and proper.

COMPLAINT
Zuhrs v. American Family Mutual Ins. Co.

Dated this 16th day of June, 2006.

_____
Michael F. Marlow
Ross K. Den Herder, intern
Johnson, Heidepriem, Miner, Marlow & Janklow, LLP
200 West Third Street
PO Box 667
Yankton, SD 57078
E-mail: mike@jhmmjlaw.com
Telephone: (605)665-5009
Facsimile: (605)665-4788

Attorneys for Plaintiff